FILED

07/05/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0514

DA 16-0514

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 166

DAWN McGEE,

      Plaintiff and Appellant,

   v.

STATE OF MONTANA, DEPARTMENT
OF PUBLIC HEALTH & HUMAN SERVICES,

      Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis And Clark, Cause No. BDV-2015-201
Honorable DeeAnn Cooney, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Roberta Cross Guns, Attorney at Law, Ulm, Montana

      For Appellee:

      Barbara Banchero, Special Assistant Attorney General, State of Montana
Department of Public Health and Human Services, Helena, Montana

Submitted on Briefs:  May 17, 2017

Decided:  July 5, 2017

Filed:

_____
                     Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     This appeal comes from a termination of SNAP benefits based on the household's refusal to provide income information. We affirm.

¶2     We restate the issue on appeal as follows:

*Did the District Court err when it upheld the Montana Department of Public Health and Human Services' interpretation of the relevant federal statute?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3     Dawn McGee (McGee) and Helge Naber (Naber) are an unmarried couple living together with their biological child, and McGee's other four children. McGee was receiving public assistance in the form of SNAP[1] benefits. On March 13, 2014, the Department of Health and Human Services (Department) learned that Naber was living with McGee and sent McGee a notice requesting income information for Naber. McGee responded that she did not have access to the information the Department requested. The Department notified McGee that without the income information it could not verify her eligibility and her benefits would be terminated. On April 30, 2014, the Department terminated McGee's benefits. McGee requested a hearing. At the hearing, the Administrative Hearing Examiner upheld the Department's termination. McGee appealed. The Board of Public Assistance upheld the Department's determination and McGee appealed to the District Court. The District Court upheld the Department's determination. McGee appeals.

---

[1] Supplemental Nutrition Assistance Program.

## STANDARD OF REVIEW

¶4 This Court reviews an agency and District Court's conclusions of law to determine if they are correct. *Bitterroot River Protective Ass'n v. Bitterroot Conservation Dist.*, 2008 MT 377, ¶ 18, 346 Mont. 507, 198 P.3d 219.

## DISCUSSION

¶5 *Did the District Court err when it upheld the Montana Department of Public Health and Human Services' interpretation of the relevant federal statute?*

¶6 SNAP, formerly known as the Food Stamp Program, is a joint federal-state program to help low-income individuals and families buy food. The U.S. Department of Agriculture is the federal agency that administers SNAP, and the Department is the state agency that administers it in Montana. State participation is optional, but participating states must submit a plan of operation to the federal government and comply with applicable federal laws and regulations. Food Stamp Act, 7 U.S.C. §§ 2011-2020. Montana law requires the Department to administer SNAP in conformity with federal law. Section 53-2-201(1)(f), MCA.

¶7 The Food Stamp Act and SNAP regulations set forth the policies regarding benefit eligibility based on a household's size, and gross and net income. 7 U.S.C. § 2011 et seq.; 7 C.F.R. § 273.1 et seq. A household is required to provide income information to the Department to verify the household's income is below the SNAP benefit income limits. 7 C.F.R. § 273.2(d), (f)(1)(i); 7 C.F.R. § 273.9(a).

¶8 McGee argues Naber is not part of the household because Naber customarily purchases and prepares meals separately from McGee. In interpreting the federal

regulations, the Department determined, that because McGee and Naber live together with the biological child they have in common, they constitute a household. 7 U.S.C. § 2012(m)(1). Therefore, Naber was required to provide income information, but refused to do so. Because it was unable to verify the household's income, the Department determined it was required to terminate the household's benefits. 7 C.F.R. § 273.2(d).

¶9 Only households with income that does not exceed a federally specified income level are eligible for SNAP benefits. 7 C.F.R. § 273.9(a). 7 U.S.C. § 2012(m) defines what constitutes a household for purposes of determining eligibility and benefit amount. A household means "a group of individuals who live together and customarily purchase food and prepare meals together for home consumption." 7 U.S.C. § 2012(m)(B). In addition, the statute clarifies that "parents and their children 21 years of age or younger who live together . . . shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption *even if they do not do so*." 7 U.S.C. § 2012(m)(B)(2) (emphasis added). Federal regulations further clarify who is included in a household.

> Special household requirements . . . the following individuals who live with others must be considered as customarily purchasing food and preparing meals with the others, even if they do not do so, and thus must be included in the same household . . . a person under 22 years of age who is living with his or her natural or adoptive parents.

7 C.F.R. § 273.1(b)(1), (b)(1)(ii).

¶10 The general rule is that individuals who live with others, but customarily purchase food and prepare meals separately from the others is a separate household, and that individuals who live with others who customarily purchase food and prepare meals

4

together are treated as a single household. However, when two individuals live together with a minor child in common, even if they customarily purchase food and prepare meals separately, they shall be treated as a single household. 7 U.S.C. § 2012(m)(B)(2).

¶11 The Department, the Administrative Hearing Examiner, the Board of Public Assistance, and the District Court each correctly concluded that McGee, Naber, and their biological child constitute a household. 7 U.S.C. § 2012(m)(1)(B)(2); 7 C.F.R. § 273.1(1)(b)(ii). The fact that they may or may not purchase food and prepare meals separately is immaterial in this case. After the Department determined Naber was a member of the household, it requested information necessary to determine eligibility from the household. The Department is required to obtain verification of eligibility. And when a member of a household refuses to cooperate by providing income information the application must be denied. 7 C.F.R. § 273.2(d)(1).

¶12 An agency's interpretation of its rule is afforded great weight, and the court should defer to that interpretation unless it is plainly inconsistent with the spirit of the rule. *State Pers. Div. v. Dep't of Pub. Health & Human Servs., Child Support Div.*, 2002 MT 46, ¶ 63, 308 Mont. 365, 43 P.3d 305; *Clark Fork Coal. v. Mont. Dep't of Envtl. Quality*, 2008 MT 407, ¶ 20, 347 Mont. 197, 197 P.3d 482. The agency's interpretation of the rule will be sustained so long as it lies within the range of reasonable interpretation permitted by the wording. *Clark Fork Coal.*, ¶ 20; *Kirchner v. Mont. Dept. Pub. Health & Human Servs.*, 2005 MT 202, ¶ 18, 328 Mont. 203, 119 P.3d 82.

¶13 Here, the Department's interpretation of the statute regarding household composition and verification was not unreasonable. The Department has expertise in

5

matters concerning the determination of eligibility for SNAP, including household composition. We defer to the Department's interpretation of the rules and regulations.

## CONCLUSION

¶14 The District Court conclusions of law were correct. Naber must be included as a member of the household and was required to provide income verification. When the household refused to provide income information the Department requested, the Department was required to terminate SNAP benefits.

¶15 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR